# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 21, 2012

Lyle W. Cayce
Clerk

No. 11-60629
Summary Calendar

IJAZ HAIDER,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A072 054 536

Before KING, JOLLY, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Ijaz Haider, a native and citizen of Pakistan, petitions this court for review of the Board of Immigration Appeals' (BIA) order denying his motion to reopen his exclusion proceedings. Haider maintains that the BIA erred in finding that he failed to establish changed conditions in Pakistan material to his application for asylum and withholding of removal under 8 U.S.C. § 1231(b)(3) (2007) or under the Convention Against Torture. Haider claims that he provided the BIA with evidence that members of his political party, the Pakistan Peoples Party

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-60629

(PPP), faced increased violence in Pakistan because of their membership in the PPP.

An alien, like Haider, may move to reopen his immigration proceedings "[t]o apply or reapply for asylum or withholding of deportation based on changed circumstances arising in the country of nationality . . . if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." 8 C.F.R. § 1003.2(c)(3)(ii); *see Panjwani v. Gonzales*, 401 F.3d 626, 631 (5th Cir. 2005). The evidence submitted by Haider, however, did not show a change in conditions in Pakistan since the time of his exclusion hearing. *See In re S-Y-G*, 24 I. & N. Dec. 247, 253 (BIA 2007). Although the evidence showed that violence and political unrest were common in Pakistan, it did not show that PPP members were subject to violence based on their PPP membership or that the PPP had lost control of the Pakistani government.

Because the BIA's finding that Haider had not established changed country conditions material to his applications for relief is supported by substantial evidence, the BIA did not abuse its discretion in denying Haider's motion to reopen. *See Panjwani*, 401 F.3d at 631-33. Accordingly, we decline to address Haider's arguments that he established prima facie eligibility for asylum or withholding of removal. *See INS v. Orlando Ventura*, 537 U.S. 12, 16-17 (2002).

PETITION DENIED.