# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 7, 2012

No. 11-60586

Lyle W. Cayce
Clerk

RU JIAN ZHANG,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondant

Petition For Review of an Order of the
Board of Immigration Appeals
A072 783 472

Before JONES, Chief Judge, and GARZA and PRADO, Circuit Judges.

PER CURIAM:[*]

Petitioner Ru Jian Zhang seeks review of the Board of Immigration Appeals' ("BIA") denial of his untimely motion to reopen his removal proceedings. He argues that the BIA should have granted his motion to reopen based on changed country conditions, specifically that China has increased enforcement of its one-child policy through forced sterilization in Fujian Province, where he is from. Because we determine that the BIA did not abuse its discretion in denying his motion to reopen, we deny Zhang's petition.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-60586

## I. FACTUAL AND PROCEDURAL BACKGROUND

Zhang is a native and citizen of the People's Republic of China and a former resident of Guantou Town, in Fujian Province. In 1994, he was detained while attempting to enter the United States unlawfully, at which point he voiced a desire for asylum based on China's forced sterilization laws. For reasons not clear from the record, removal proceedings did not commence until 2003. During the interim, in 2000, Zhang married Hui Quing Zheng, who subsequently obtained lawful permanent resident status. In 2002, Zhang retained an attorney, David Swaim, to advise him regarding options for remaining in the United States legally. Swaim suggested that he might have an asylum claim based on the sterilization laws but recommended that he wait and apply for adjustment of status once his wife was naturalized.

After Zhang was placed in removal proceedings in 2003, he hired Robert Shivers to represent him. Although he informed Shivers of China's one-child policy, Shivers failed to file an asylum application for him. Shivers requested a continuance to file an asylum application, but the immigration judge denied his request and ordered Zhang removed to China. The BIA dismissed his appeal in 2006.

In 2010, Zhang filed a motion to reopen, alleging ineffective assistance by Shivers and two other attorneys whom he had hired in 2007 and 2008, respectively. While that motion to reopen was pending, Zhang filed a second motion to reopen, which he later supplemented, claiming he was eligible for asylum, withholding of removal, and relief under the Convention Against Torture based on changed country conditions. Specifically, Zhang alleged that his home province of Fujian had increased its enforcement of China's one-child policy and that he would be persecuted on his return because he had two children in the United States.

No. 11-60586

The BIA consolidated the two motions to reopen and denied them. A single member of the BIA first concluded that the motions were untimely. Although the BIA may reopen sua sponte under the doctrine of equitable tolling when the alien has received ineffective assistance of counsel, the BIA concluded that Zhang had not acted with the requisite diligence in pursuing his ineffective assistance claim. In addition, the BIA determined that Zhang had not demonstrated a material change in country conditions. The BIA noted that the evidence submitted showed that sterilization was part of China's family planning policy as early as 1998, including in Zhang's home province of Fujian, which was corroborated by the affidavit of Jin Fu Chen showing that Chen was forcibly sterilized in September 2003. The BIA thus concluded that the evidence did not show changed conditions or circumstances in China. Within 30 days of the BIA's August 2, 2011 decision, Zhang filed a timely petition for review.

## II. JURISDICTION AND STANDARD OF REVIEW

This court generally has jurisdiction to consider denials of motions to reopen.[1] *Nolos v. Holder*, 611 F.3d 279, 281 (5th Cir. 2010) (per curiam) (citing *Kucana v. Holder*, 130 S. Ct. 827, 838–40 (2010)). Such motions are disfavored, *see Lara v. Trominski*, 216 F.3d 487, 496 (5th Cir. 2000), and this court reviews the denial of a motion to reopen under a "highly deferential abuse-of-discretion standard." *Zhao v. Gonzales*, 404 F.3d 295, 303 (5th Cir. 2005). The BIA's ruling will stand, even if this court concludes it is erroneous, "so long as it is not capricious, racially invidious, utterly without foundation in the evidence, or

---

[1] We do not, however, have jurisdiction to review the BIA's rejection of Zhang's motion to reopen in which he argued that the 90-day limitations period should have been equitably tolled due to ineffective assistance of counsel because such a claim is, in essence, an argument that the BIA should have exercised its authority to reopen sua sponte, and the BIA has complete discretion over whether to reopen proceedings sua sponte. *See Ramos-Bonilla v. Mukasey*, 543 F.3d 216, 219–20 (5th Cir. 2008).

No. 11-60586

otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach." *Id.* at 304.

## III. DISCUSSION

Although generally an alien may only seek to reopen his immigration proceedings once, within ninety days of a final order of removal, *see* 8 U.S.C. §§ 1229a(c)(7)(A), (C)(i), those time and number bars do not apply if the alien seeks to reopen to apply for asylum or withholding of removal based on "changed country conditions arising in . . . the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding," *id.* § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii).

Zhang argues that he has proffered evidence that Fujian has increased its use of forced-sterilization to enforce China's one-child policy since his removal proceedings before the immigration judge in 2004.[2] In support of his argument, Zhang offers four documents from Fujian Province dated between 2007 and 2009 that appear to encourage heightened enforcement of the one-child policy. Zhang also submitted the State Department's 2007 Profile of Asylum Claim and Country Conditions for China, which states that although pressure is applied in Fujian Province to enforce the one-child policy, enforcement in Fujian is "uneven." That evidence, standing alone, might show an attempt by Fujian Province to increase its enforcement of China's one-child policy, but it does not show an actual increase in enforcement. Moreover, Zhang submitted evidence

---

[2] Much of Zhang's briefing to this court focuses on his evidence that Fujian uses forced sterilization to enforce China's one-child policy, and that he will likely face forced sterilization if he returns to China. Zhang thus argues that he has made out his prima facie case of asylum. Although the BIA may deny a motion to reopen on the basis that the movant has not made a prima facie case for asylum, *see INS v. Abudu*, 485 U.S. 94, 104 (1988), it did not do so here. Instead, it denied his motion to reopen because it determined that Zhang failed to show a material change in country conditions since 2004, which it had discretion to do nothwithstanding whether Zhang established a prima facie case for asylum. *See id.* at 104–05.

showing that Fujian Province has used forced sterilization as an enforcement mechanism since at least 2003, which cuts against finding that a change has occurred since 2004. *See Liang v. Holder*, 626 F.3d 983, 989 (7th Cir. 2010) ("It should go without saying that a continuation of a policy is not a change."). For example, he supplied an affidavit regarding Jin Fu Chen, a Chinese national who was forcibly sterilized upon returning to Fujian Province in 2003 after he and his wife had two children while living abroad. Further, Zhang himself admits that he considered seeking asylum due to his fear of possible sterilization upon his entry in 1994 and discussed seeking asylum on that basis in 2002 and 2003 with Mr. Swaim and Mr. Shivers, respectively. Because the record contains evidence showing that forced-sterilization had been used in Fujian Province to enforce China's one-child policy since before Zhang's removal proceedings, and because his evidence of an increase in forced sterilizations is not very strong, we cannot say that the BIA's conclusion that Zhang failed to show a *change* in country conditions was capricious, "utterly without foundation in the evidence," or so irrational that it is arbitrary instead of the result of a perceptive rational approach. *See Zhao*, 404 F.3d at 304.

## IV. CONCLUSION

For the foregoing reasons, Zhang's petition is dismissed in part for lack of jurisdiction and denied in part.

DISMISSED in part and DENIED in part.