# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 18, 2013

No. 12-60497
Summary Calendar

Lyle W. Cayce
Clerk

ZAYED H.M. IQBAL,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A029 770 827

Before HIGGINBOTHAM, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Zayed H. M. Iqbal, a native and citizen of Bangladesh, petitions this court for review of an order of the Board of Immigration Appeals ("BIA") denying an untimely motion to reopen his immigration proceedings. Iqbal entered this country without inspection in September 1989. He did not seek any form of immigration relief but instead agreed to depart voluntarily on or before December 12, 1989, or face deportation to Bangladesh. Iqbal did not depart as stipulated and, in October 2011, he moved to reopen the 1989 proceedings.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Iqbal argues that the BIA abused its discretion by failing to find that he has demonstrated a *prima facie* fear of persecution based on changed country conditions in Bangladesh. He contends that he fled Bangladesh in 1989 due to fear of persecution by the Jatiya Party but that the current situation in Bangladesh is such that he fears persecution by members of the Awami League, who now control the country. He contends that he has established a *prima facie* case for asylum, withholding of removal, and withholding of removal under the Convention Against Torture ("CAT"), and that he has demonstrated exceptional circumstances warranting a favorable discretionary grant of asylum.

An alien must file a motion to reopen within 90 days of the date on which the final administrative decision is entered. 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). This timing requirement does not apply if the request for relief "is based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." § 1229a(c)(7)(C)(ii); § 1003.2(c)(3)(ii). A motion to reopen must be based on new evidence and must make a *prima facie* showing of eligibility for the underlying relief sought. *See INS v. Abudu*, 485 U.S. 94, 104 (1988); *see* § 1003.2(c)(1). We review the denial of a motion to reopen under a "highly deferential abuse-of-discretion standard, regardless of the basis of the alien's request for relief." *Gomez-Palacios v. Holder*, 560 F.3d 354, 358 (5th Cir. 2009). In this case, the BIA affirmed the decision of the immigration judge ("IJ") without opinion; therefore, we review the IJ's factual findings and legal conclusions. *Eduard v. Ashcroft*, 379 F.3d 182, 186 (5th Cir. 2004).

We note that portions of the brief submitted by Iqbal's attorney are not relevant to this case. We agree with the IJ's determination that the evidence submitted in support of the motion to reopen establishes a continuing history of persecution in Bangladesh, rather than a change in the country's conditions. Thus, the BIA did not abuse its discretion in denying the untimely motion to

reopen the deportation proceedings. *See Panjwani v. Gonzales*, 401 F.3d 626, 632-33 (5th Cir. 2005). Because Iqbal has not demonstrated changed country conditions, we do not address his arguments that he has established *prima facie* eligibility for asylum, withholding of removal, and withholding of removal under the CAT. *See INS v. Orlando Ventura*, 537 U.S. 12, 16-17 (2002). The petition for review is DENIED.