# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

No. 11-60856
Summary Calendar

May 29, 2013

Lyle W. Cayce
Clerk

ASBERT FITZGERALD JOSEPH, also known as Joseph Albert, also known as Joseph Asbert, also known as Joseph Oskar Oskar,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A036 805 976

## ON PETITION FOR REHEARING

Before DeMOSS, PRADO, and OWEN, Circuit Judges.

PER CURIAM:[*]

The Petition for Rehearing is GRANTED. We withdraw the prior opinion, 2013 WL 135514 (Jan. 10, 2013), and substitute the following opinion.

Asbert Fitzgerald Joseph, a native and citizen of Saint Vincent and the Grenadines, petitions this court for review of an order from the Board of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Immigration Appeals (BIA) denying his motion to reopen and reconsider. He maintains that he derived United States citizenship through his mother, alleging that at the time his mother became a United States citizen, she had sole legal custody of him and was legally separated from his father. Because the question of Joseph's citizenship is an essential jurisdictional fact on which no court has previously passed judgment, we review it de novo. *Duarte-Ceri v. Holder*, 630 F.3d 83, 87 (2d Cir. 2010) (reviewing citizenship claim raised in petition for review from the BIA's refusal to reopen removal proceedings *sua sponte* because "[a]n assertion of U.S. 'citizenship is . . . a denial of an essential jurisdictional fact' in a deportation proceeding" (quoting *Ng Fung Ho v. White*, 259 U.S. 276, 284 (1922)); *see also Marquez-Marquez v. Gonzalez*, 455 F.3d 548, 554 (5th Cir. 2006) (holding that nationality claims are reviewed de novo). If a petitioner's citizenship claim presents a genuine issue of material fact, we transfer the proceeding to the district court; if not, we decide the claim ourselves. 8 U.S.C. § 1252(b)(5); *see also Lopez v. Holder*, 563 F.3d 107, 110 (5th Cir. 2009). Joseph must prove his citizenship claim by a preponderance of the evidence, *Ayton v. Holder*, 686 F.3d 331, 335 (5th Cir. 2012), and "must do so in the face of the Supreme Court's mandate that we resolve all doubts 'in favor of the United States and against' those seeking citizenship." *Bustamante-Barrera v. Gonzalez*, 447 F.3d 388, 394-95 (5th Cir. 2006) (quoting *Berenyi v. Dist. Dir., INS*, 385 U.S. 630, 637 (1967)).

Joseph claims that he derived United States citizenship pursuant to 8 U.S.C. § 1432(a)(3), which provided, in relevant part, that a child born outside the United States of alien parents became a United States citizen upon the "naturalization of the parent having legal custody of the child when there has been a legal separation of the parents," provided that certain other conditions were also met. 8 U.S.C. § 1432(a)(3) (repealed 2000). The government contends that Joseph's citizenship claim fails because at the time his mother naturalized

in October of 1988, she was not legally separated from Joseph's father.[1]  The record reveals that in January of 1988, Joseph's father filed a complaint in New York state court seeking a divorce from Joseph's mother.  At some time thereafter, the court entered a default judgment granting the divorce and giving Joseph's mother legal custody of him.  Joseph's mother subsequently filed a motion to vacate the judgment of divorce, which was granted by an order dated May 24, 1988.

Joseph maintains that although a New York state court judge signed the order vacating his parents divorce in May of 1988, the court did not enter final judgment until 2009.  As a result, claims Joseph, his parents remained legally separated when his mother naturalized in October of 1988.  The law in New York, however, is that entry of judgment is not required for a judge's order in a divorce proceeding to become effective as between the spouses.  *See, e.g.*, *Van Pelt v. Van Pelt*, 568 N.Y.S.2d 160, 161 (N.Y. App. Div. 1991) (holding that husband's marriage to second wife, which occurred after judge issued order granting divorce from first wife but before court entered final judgment, was nonetheless valid because entry of judgment "constituted nothing more than a mere formality or ministerial act"); *see also Flythe v. Astrue*, No. 10 Civ. 9069 (NM), 2012 WL 38927, at *2 (S.D.N.Y. Jan. 6, 2012) (collecting cases); *cf. Musso v. Ostashko*, 468 F.3d 99, 107 (2d Cir. 2006).  Accordingly, Joseph's assertion that his parents were legally separated when his mother naturalized is without merit and his citizenship claim fails as a matter of law.

Joseph has not otherwise established that the BIA abused its discretion in denying his motion to reopen.  We review the denial of motions to reopen and reconsider "under a highly deferential abuse-of-discretion standard."  *Zhao v.*

---

[1] Under the law in effect at the time Joseph claims to have derived citizenship, a child in the custody of both parents derived citizenship only if both parents naturalized.  *See* 8 U.S.C. § 1432 (repealed 2000).  Joseph has not alleged that his father ever became a United States citizen.

*Gonzales*, 404 F.3d 295, 303 (5th Cir. 2005).  The BIA's ruling will stand "so long as it is not capricious, racially invidious, utterly without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach."  *Id.* at 304 (internal citations omitted). There is no dispute that Joseph's motion to reopen and reconsider was filed more than 90 days after the BIA dismissed his appeal in November 2010.  As a result, his motion was untimely filed.  8 U.S.C. § 1229a(c)(6)(B), (7)(C)(i); 8 C.F.R. § 1003.2(b)(2), (c)(2).

With the benefit of liberal construction, Joseph also argues that the BIA should have tolled the time for filing his motion to reopen and reconsider because his counsel rendered ineffective assistance.  This argument amounts to the contention that the BIA should have exercised its discretion to reopen or reconsider the removal proceeding sua sponte.  *See Ramos-Bonilla v. Mukasey*, 543 F.3d 216, 219-20 (5th Cir. 2008).  We lack jurisdiction to review the BIA's decision declining to do so.  *See id.*

Accordingly, Joseph's petition for review is DENIED IN PART and DISMISSED IN PART for lack of jurisdiction.