# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-60165

United States Court of Appeals
Fifth Circuit

**FILED**

May 6, 2014

Lyle W. Cayce
Clerk

GLENDA KUDZAI GOTORA,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A097 683 986

Before JOLLY, GARZA, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Glenda Kudzai Gotora, a native and citizen of Zimbabwe, appeals the Board of Immigration Appeals's denial of her third motion to reopen her removal proceeding. For the reasons below, Gotora's petition for review is dismissed in part and denied in part.

## I.

In December 2007, Gotora received a Notice to Appear, charging her with being removable from the United States for overstaying her visa. On October

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-60165

22, 2008, Gotora appeared *pro se* before an Immigration Judge (IJ), admitted the allegations in the Notice to Appear, and was subsequently ordered removed.

On February 12, 2009, Gotora, now represented by counsel, filed her first motion to reopen her removal proceeding for the purpose of seeking asylum, withholding of removal, and protection under the Convention Against Torture (CAT). In her motion, Gotora argued that she was not properly advised in her removal proceeding of her right to seek asylum, withholding of removal, and protection under CAT. She also submitted an affidavit stating that she and her family were members of the Movement for Democratic Change (MDC) party in Zimbabwe, she had attended MDC meetings while in Zimbabwe in which members of the ruling party (ZANU-PF) broke in and "attacked us and beat us mercilessly," and she feared for her safety if returned. Gotora further stated that her sister was granted withholding of removal in the United State and that the rest of her family was hiding in other countries. The IJ denied her motion to reopen on the grounds that Gotora was advised at her initial master calendar hearing of her right to seek asylum, Gotora failed to submit an application for asylum or withholding of removal with the motion, the motion was untimely, and Gotora did not demonstrate the applicability of an exception to the 90-day time limitation such as a material change in country conditions.

On December 17, 2009, Gotora filed a second motion to reopen for the purpose of seeking asylum, withholding of removal, and protection under CAT. This time Gotora attached a completed application for asylum and withholding of removal. The IJ denied the motion as time and number barred. Gotora appealed to the Board of Immigration Appeals (BIA), and the BIA dismissed the appeal.

No. 13-60165

On November 28, 2012, Gotora filed her third motion to reopen with the BIA. As in her earlier motions, Gotora sought asylum, withholding of removal, and protection under CAT. Gotora argued that she was entitled to equitable tolling of the time and number limitations for motions to reopen based on her prior counsel's ineffective assistance in preparing her first motion to reopen. She attached a grievance she filed with the Texas bar against her prior counsel. She also attached country reports and other materials to show a material change in country conditions in Zimbabwe since her October 2008 merits hearing. The BIA denied her motion as time and number barred, finding that she did not comply with the procedural requirements for an ineffective-assistance claim and did not demonstrate a material change in country conditions. Gotora timely appealed the denial of her third motion to reopen. We review the BIA's denial of a motion to reopen for abuse of discretion and the BIA's factual findings for substantial evidence. *See Panjwani v. Gonzales*, 401 F.3d 626, 632 (5th Cir. 2005).

II.

An alien ordinarily is limited to filing one motion to reopen and must do so within 90 days of the final administrative decision. *See* 8 U.S.C. § 1229a(c)(7); 8 C.F.R. § 1003.2(c). Gotora contends that the BIA erred in denying equitable tolling of these time and number limitations based on her prior counsel's ineffective assistance. This circuit construes such an argument as a challenge to the BIA's decision not to reopen removal proceedings *sua sponte*. *See Ramos-Bonilla v. Mukasey*, 543 F.3d 216, 220 (5th Cir. 2008) ("[A] request for equitable tolling of a time- or number-barred motion to reopen on the basis of ineffective assistance of counsel is in essence an argument that the BIA should have exercised its discretion to reopen the proceeding sua sponte." (internal quotation marks and citation omitted)); *see also Joseph v. Holder*, 720

3

F.3d 228, 231 (5th Cir. 2013). This circuit has held that it lacks jurisdiction to review the BIA's decision to decline to reopen proceedings *sua sponte*. *See Ramos-Bonilla*, 543 F.3d at 219-20. We may not overturn the prior decision of another panel of our court absent an intervening change in law, such as a statutory amendment or a contrary or superseding decision by either the Supreme Court or this court *en banc*. *See Jacobs v. Nat'l Drug Intelligence Ctr.*, 548 F.3d 375, 378 (5th Cir. 2008).

Gotora asserts that the Supreme Court's decision in *Kucana v. Holder*, 558 U.S. 233 (2010) is an intervening authority that provides this court with jurisdiction to review the BIA's decision to decline to reopen her proceeding *sua sponte*. Gotora overstates *Kucana's* reach. In *Kucana*, the Supreme Court "express[ed] no opinion on whether federal courts may review the [BIA]'s decision not to reopen removal proceedings *sua sponte*." *Id.* at 251 n.18 ("Courts of Appeals have held that such decisions are unreviewable because *sua sponte* reopening is committed to agency discretion by law."); *see also Anaya-Aguilar v. Holder*, 683 F.3d 369, 371-72 (7th Cir. 2012) (citing cases). *Cf. Pllumi v. Attorney Gen. of the U.S.*, 642 F.3d 155, 159-60 (3d Cir. 2011); *Gor v. Holder*, 607 F.3d 180, 187-93 (6th Cir. 2010). Accordingly, under our precedent, we lack jurisdiction to review Gotora's request for equitable tolling based on ineffective assistance of counsel. *See Joseph*, 720 F.3d at 231; *Ramos-Bonilla*, 543 F.3d at 220; *see also Mata v. Holder*, No. 13-60253, 2014 WL 843578, at *1 (5th Cir. Mar. 5, 2014) (unpublished); *Ibarra-Gonzalez v. Holder*, 542 F. App'x 341, 341-42 (5th Cir. 2013) (unpublished).[1]

---

[1] To the extent we do have jurisdiction to review the BIA's denial of equitable tolling, the BIA did not err in holding that Gotora failed to show compliance with the procedural requirements of *Matter of Lozada*, 19 I. & N. Dec. 637, 639 (BIA 1988), or provide an adequate reason for not doing so. *See Lara v. Trominski*, 216 F.3d 487, 496-98 (5th Cir. 2000). Gotora did not offer evidence that her prior counsel was informed of her allegations of ineffective assistance and had a reasonable opportunity to respond before she presented her allegations

No. 13-60165

III.

Gotora next contends that the BIA erred in finding that she failed to demonstrate a material change in country conditions in Zimbabwe since her October 2008 merits hearing. A motion to reopen is not subject to time and number limitations if the request for relief "is based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.2(c)(3)(ii). In determining whether evidence accompanying a motion to reopen demonstrates a material change in country conditions, the BIA "compare[s] the evidence of country conditions submitted with the motion to those that existed at the time of the merits hearing below." *In re S-Y-G*, 24 I. & N. Dec. 247, 253 (BIA 2007). This court has jurisdiction to review the denial of a motion to reopen based on changed country conditions. *See Panjwani,* 401 F.3d at 632.

The evidence Gotora submitted with her motion to reopen shows that the ruling party of Zimbabwe (ZANU-PF) historically has intimidated, kidnapped, detained, harassed, and committed violence against members of the MDC party. The evidence shows an escalation in politically motivated violence and intimidation prior to Gotora's merits hearing. A 2011 country report attached to Gotora's motion reported 270 confirmed deaths and thousands injured between the March 2008 and June 2008 elections in Zimbabwe. Additionally, a 2012 New York Times article described ZANU-PF's 2005 campaign to forcibly evict members of the MDC party, leaving 700,000 homeless. The evidence, however, does not show a material change in conditions between Gotora's

---

to the BIA. *See, e.g., Hernandez-Ortez v. Holder*, 741 F.3d 644, 648 (5th Cir. 2014); *Rodriguez-Manzano v. Holder*, 666 F.3d 948, 953 (5th Cir. 2012).

No. 13-60165

October 2008 merits hearing and her November 2012 motion to reopen. A 2012 report by Amnesty International indicated that "[w]hile the rate of political violence has slowed, reports of violence based on political views continue to occur." Similarly, Human Rights Watch articles attached to Gotora's motion expressed concern with "continuing political repression" in Zimbabwe and reflected that elections in Zimbabwe have been marked by widespread human rights violations "for more than a decade." Although these reports evidence the *continuation* of political repression during the relevant time period, they do not show a material change. *See, e.g.*, *Zhang v. Holder*, 487 F. App'x 949, 951-52 (5th Cir. 2012) (unpublished). Accordingly, Gotora did not meet her burden to prove an exception to the time and number limitations for her motion to reopen.

IV.

For the foregoing reasons, the BIA did not abuse its discretion in denying Gotora's motion to reopen as time and number barred. We take this opportunity, however, to note that the BIA has discretion to reopen proceedings *sua sponte*. Gotora has submitted documentation evidencing persecution of members of the MDC party and a potential threat to the safety of herself and her United States–citizen child in Zimbabwe. Gotora has never been given an opportunity for a hearing on the merits of her asylum or withholding of removal applications. We leave it to the BIA, as we must, to decide whether this is an appropriate case to exercise its discretion.

PETITION FOR REVIEW DISMISSED IN PART; DENIED IN PART.