XIAO ZHOU, Petitioner

v.

Eric H. HOLDER, U.S. Attorney General, Respondent.

No. 13–60821
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

July 15, 2014.

Gary J. Yerman, Esq., Yerman & Associates, L.L.C., New York, NY, for Petitioner.

Virginia M. Lum, U.S. Department of Justice, Tangerlia Cox, Robert Michael Stalzer, Esq., Trial Attorney, U.S. Department of Justice Office of Immigration Litigation, Washington, DC, for Respondent.

---

27. *Perez,* 415 F.3d at 461.

28. *Id.*

Before HIGGINBOTHAM, DENNIS, and GRAVES, Circuit Judges.

PER CURIAM: *

Xiao Zhou, a native and citizen of China, seeks review of a decision of the Board of Immigration Appeals (BIA) denying her 2011 motion to reopen removal proceedings that were initiated in 2008. We review the denial of a motion to reopen under a highly deferential abuse of discretion standard, and the decision will be upheld as long as it is "not capricious, racially invidious, utterly without foundation in the evidence, or otherwise so aberrational that it is arbitrary rather than the result of any perceptible rational approach." *Manzano–Garcia v. Gonzales*, 413 F.3d 462, 469 (5th Cir.2005) (internal quotation marks and citation omitted).

The BIA has the authority to reopen removal proceedings upon a motion to reopen filed pursuant to 8 C.F.R. § 1003.2(c). The motion is not subject to time and number limitations if the request for relief "is based on changed circumstances arising in the country of nationality or the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." § 1003.2(c)(3)(ii).

Zhou has not shown that the BIA abused its discretion in concluding that her conversion to Christianity was properly viewed as a self-induced change in personal circumstances rather than a change in country conditions. *See e.g., Chen v. Holder*, 531 Fed.Appx. 453, 454 (5th Cir.2013).

Moreover, even accepting Zhou's argument that her religious conversion was a predicate fact that classified her as a member of the group materially affected by a change in country conditions in China, Zhou is not entitled to relief because the BIA did not deny Zhou's motion solely based on a determination that her allegations reflected a change in personal circumstances. Rather, it determined that Zhou failed to meet her burden of establishing changed country conditions in China, and Zhou has not shown that determination to be an abuse of discretion. *See Manzano–Garcia*, 413 F.3d at 469.

In determining whether evidence accompanying a motion to reopen demonstrates a material change in country conditions, the BIA "compare[s] the evidence of country conditions submitted with the motion to those that existed at the time of the merits hearing below." *Gotora v. Holder*, 567 Fed.Appx. 219, 222, 2014 WL 1779233 at *2 (5th Cir.2014) (quoting *In re S–Y–G*, 24 I. & N. Dec. 247, 253 (BIA 2007)). The continuation of persecution during the relevant time period does not qualify as material change. *Gotora*, 567 Fed.Appx. at 223, 2014 WL 1779233 at *3. Similarly, a change that is "incremental or incidental" does not show the material change required for reopening. *See S–Y–G*, 24 I. & N. Dec. at 257.

Accordingly, the petition for review is DENIED.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.