# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-60919
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

September 24, 2014

Lyle W. Cayce
Clerk

XIU ZHU CHEN, also known as Xia Zhen Chen,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A096 108 959

Before SMITH, BARKSDALE, and PRADO, Circuit Judges.

PER CURIAM:[*]

Xiu Zhu Chen, a native and citizen of China, petitions for review of the Board of Immigration Appeals' denial of her 2012 motion to reopen her 2003 removal proceedings. Denial of such motions is reviewed under "a highly deferential abuse-of-discretion standard". *Gomez-Palacios v. Holder*, 560 F.3d 354, 358 (5th Cir. 2009). The BIA's decision will be upheld "as long as it is not

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

capricious, without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach". *Id.*

A motion to reopen must be filed no later than 90 days after the date on which the final administrative decision was rendered. 8 C.F.R. § 1003.2(c)(2) ("[A] party may file only one motion to reopen deportation or exclusion proceedings (whether before the Board or the Immigration Judge) and that motion must be filed no later than 90 days after the date on which the final administrative decision was rendered in the proceeding sought to be reopened . . .".). This time bar does not apply, however, if the motion is "based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing". § 1003.2(c)(3)(ii).

In this instance, the BIA, as required, properly compared the evidence of country conditions submitted with the motion to reopen with the evidence that existed at the time of Chen's 2003 merits hearing. *E.g., Gotora v. Holder*, No. 13-60165, 2014 WL 1779233, at *2 (5th Cir. 6 May 2014) (citation omitted). The 2003 Department of State report on China, which was submitted during Chen's original proceedings, establishes that "government respect for religious freedom remained poor" and provides details of government treatment of various religious groups. Bureau of Democracy, Human Rights, and Labor, *2003 Country Reports on Human Rights Practices: China (Includes Tibet, Hong Kong, and Macau)* Department of State, (25 Feb. 2004), http://www.state. gov/j/drl/rls/hrrpt/2003/27768.htm.

The more recent State Department reports on China submitted with the motion to reopen support the BIA's denial of Chen's motion because they do not establish a material change in country conditions since the time of Chen's

No. 13-60919

prior proceedings; rather, they confirm "continuing history of persecution". *Iqbal v. Holder*, 519 F. App'x 243, 244 (5th Cir. 2013).

Accordingly, Chen fails to demonstrate the BIA abused its discretion. *Gomez-Palacios*, 560 F.3d at 358. (This court, therefore, need not examine her claim that she is *prima facie* eligible for asylum, relief from removal, and protection under the Convention Against Torture. *Iqbal*, 519 F. App'x at 244.)

DENIED.