# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-60624
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 19, 2015

Lyle W. Cayce
Clerk

MOHAMED SOLAIMAN HOSSAIN,

Petitioner

v.

LORETTA LYNCH, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A200 683 162

Before KING, JOLLY, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Mohamed Solaiman Hossain, a native and citizen of Bangladesh, petitions for review of an order of the Board of Immigration Appeals (BIA) upholding the decision of an immigration judge (IJ) denying Hossain's motion to reopen his removal proceedings. Hossain contends that he put forward sufficient evidence that conditions in Bangladesh have worsened for those, like him, who are active members of the Bangladesh National Party (BNP), a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

political party opposed to the Awami League (AL), the ruling party. He contends that his evidence, particularly evidence that AL members killed his father, who was also an active member in an opposition political party, showed that conditions in Bangladesh had materially changed.

The BIA adopted the IJ's decision, and so we review the decisions of both the IJ and the BIA. *See Wang v. Holder*, 569 F.3d 531, 536 (5th Cir. 2009). Our review is for abuse of discretion, and we will uphold the BIA's decision as long as "it is not capricious, without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach." *Gomez-Palacios v. Holder*, 560 F.3d 354, 358 (5th Cir. 2009). We review factual findings for substantial evidence and will not overturn them "unless the evidence compels a contrary conclusion." *Id.*

In determining whether Hossain's proceedings should be reopened on the basis of changed country conditions, the IJ and BIA both properly compared conditions in Bangladesh at the time of Hossain's removal hearing with the conditions there when Hossain filed the motion to reopen. *See Gotora v. Holder*, 567 F. App'x 219, 222 (5th Cir. 2014) (citing *In re S-Y-G*, 24 I. & N. Dec. 247, 253 (BIA 2007)); *see also Panjwani v. Gonzales*, 401 F.3d 626, 633 (5th Cir. 2005) (comparing conditions at the time the alien was ordered removed to those at the time the alien filed the motion to reopen). As they explained, though the State Department Human Rights Reports from both time periods show that political violence occurred in Bangladesh, the reports support the finding that the violence was ongoing or increased only incrementally, which is insufficient to show that the conditions materially changed in a manner warranting reopening. *See Xiao Zhou v. Holder*, 575 F. App'x 355, 356 (5th Cir. 2014) (citing *S-Y-G*, 24 I. & N. Dec. at 257); *Gotora*, 567 F. App'x at 222. Moreover, although the killing of Hossain's father

confirms the reports' observations that political violence continues to occur in Bangladesh, a single instance of brutal violence does not compel a conclusion that political violence has escalated generally. *See Gomez-Palacios*, 560 F.3d at 358. Though Hossain asserts that AL members issued threats against him to his family members, the statements submitted by Hossain's family do not compel the finding that these specific threats were made. *See id.*

Hossain faults the BIA for not discussing all of the evidence that he submitted in support of his motion to reopen as well as additional evidence that he presented to the BIA. The BIA was not required to address each piece of evidence that Hossain submitted with the motion to reopen, *see Abdel-Masieh v. I.N.S.*, 73 F.3d 579, 585 (5th Cir. 1996), and Hossain does not explain what new facts could be gleaned from the evidence that the BIA did not explicitly address in its decision. Moreover, because the BIA is barred from making findings of fact, *see* 8 C.F.R. § 1003.1(d)(3)(iv), the record on appeal to the BIA is limited to the record before the IJ, *Enriquez-Gutierrez v. Holder*, 612 F.3d 400, 409-10 (5th Cir. 2010).

Accordingly, Hossain's petition for review is DENIED.