# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-60381
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 2, 2015

Lyle W. Cayce
Clerk

ERICK ARNOLDO RAMOS-HERNANDEZ,

Petitioner

v.

LORETTA LYNCH, U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A078 963 224

Before REAVLEY, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Erick Arnoldo Ramos-Hernandez, a native and citizen of El Salvador, petitions this court for review of the decision of the Board of Immigration Appeals (BIA) dismissing his appeal from the denial of a motion to reopen his in absentia removal proceedings. Denial of such motions is reviewed under "a highly deferential abuse-of-discretion standard." *Gomez-Palacios v. Holder*, 560 F.3d 354, 358 (5th Cir. 2009). The BIA's decision will be upheld "as long

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

as it is not capricious, without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach." *Id.*

Ramos-Hernandez argues that the BIA erred in denying his motion to reopen because he did not receive notice of the removal hearing. However, the BIA's finding that Ramos-Hernandez received notice of the removal proceedings is supported by substantial evidence, including proof that Ramos-Hernandez was personally served with the notice to appear and that the notice of hearing was mailed to the address provided by Ramos-Hernandez. As evidenced by the notice to appear, Ramos-Hernandez was advised, in Spanish, of his obligation to apprise the immigration court of any change in his address and the consequences of failing to comply with this obligation. While he apparently relocated one month after his release from custody, there is no indication that Ramos-Hernandez timely alerted immigration officials of his change in address. Because Ramos-Hernandez did not comply with his obligation to keep his address current, his failure to do so precludes him from relief. *See* 8 U.S.C. § 1229a(b)(5)(C)(ii); *Gomez-Palacios*, 560 F.3d at 360-61. Ramos-Hernandez's argument that his due process rights were violated lacks merit. *See Gomez-Palacios*, 560 F.3d at 361 n.2. Accordingly, the BIA's ruling was not an abuse of discretion. *Id.* at 358.

Ramos-Hernandez next contends that the BIA erred in finding that he failed to demonstrate a material change in country conditions in El Salvador since his October 2002 removal hearing. A motion to reopen is not subject to time and number limitations if the request for relief "is based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available

No. 14-60381

and would not have been discovered or presented at the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii).

The materials Ramos-Hernandez submitted with his motion to reopen show a continuation of the social strife and violence that have persisted in El Salvador since its civil war, which ended in 1992. The evidence, however, does not show a material change in country conditions between Ramos-Hernandez's October 2002 removal hearing and his November 2012 motion to reopen. *See, e.g., Zhang v. Holder*, 487 F. App'x 949, 951-52 (5th Cir. 2012). Moreover, Ramos-Hernandez has failed to compare in any meaningful way the conditions at the time of his removal hearing and his motion to reopen to support his claim that conditions in El Salvador are materially worse. *See Panjwani v. Gonzales*, 401 F.3d 626, 633 (5th Cir. 2005). Thus, the BIA did not abuse its discretion in dismissing the appeal of the denial of the motion to reopen, and we need not reach his argument that he established prima facie eligibility for relief from removal. *See id.* at 632-33.

Finally, Ramos-Hernandez contends that the BIA abused its discretion in declining to exercise its sua sponte authority to reopen his removal proceedings. Because 8 C.F.R. § 1003.2(a) provides the BIA and the immigration judge with complete discretion in determining whether to sua sponte reopen removal proceedings, we lack jurisdiction to review Ramos-Hernandez's challenge to the BIA's refusal to do so. *See Ramos-Bonilla v. Mukasey*, 543 F.3d 216, 219-20 (5th Cir. 2008). Ramos-Hernandez's argument that the BIA's refusal to sua sponte reopen his removal proceedings violated his due process rights is unavailing. *See Ahmed v. Gonzales*, 447 F.3d 433, 440 (5th Cir. 2006).

Ramos-Hernandez's petition for review is DENIED in part and DISMISSED in part for lack of jurisdiction.