# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-60670
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 21, 2015

Lyle W. Cayce
Clerk

FNU SUGIHARTO; AMELIA ARIFIN,

Petitioners

v.

LORETTA LYNCH, U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A095 225 505
BIA No. A200 107 491

Before HIGGINBOTHAM, ELROD, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Petitioners Fnu Sugiharto and his co-applicant wife, Amelia Arifin, have petitioned this court for review of the Board of Immigration Appeals's (BIA's) decision denying as untimely their motion to reopen removal proceedings, in which they sought to re-apply for asylum, withholding of removal, and relief under the Convention Against Torture (CAT) and asserted that country

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-60670

conditions had worsened since their original application. The BIA determined that the motion to reopen was untimely filed and that Sugiharto and Arifin had failed to show that the untimely filing should be excused because of changed country conditions. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii).

Sugiharto and Arifin, who are Christian, assert that they presented evidence of increased violence against Christians and of the Indonesian government's active participation in "denying Christians the ability to worship freely" by "forcibly closing churches" and by failing to act when Islamic extremist groups attacked Christian worshipers. They argue that the BIA failed to give adequate consideration to evidence they presented of changed country conditions, that the BIA erred in relying on the State Department's 2013 International Religious Freedom Report, and that their claims, if true, would establish eligibility for relief.

The BIA did not abuse its discretion by taking administrative notice of the State Department's 2013 International Religious Freedom Report because that report is an official document that was incorporated by reference in an exhibit attached to the motion to reopen. *See Enriquez-Gutierrez v. Holder*, 612 F.3d 400, 409-11 (5th Cir. 2010); 8 C.F.R. § 1003.1(d)(3)(iv). The conditions and incidents of religious oppression described in that report were not materially different in kind, numerosity, and severity from those reported in the 2007 International Religious Freedom Report. Both documents reported that the Indonesian government generally upheld the rights of followers of recognized religions, including Catholics and Protestants, but that discrimination and sectarian violence continued to occur and authorities sometimes failed to respond sufficiently to suppression of religious minorities. Furthermore, the October 2013 letter written by Sugiharto's sister—upon

which he relies as evidence of worsening circumstances—states that Indonesia "is still the same now and before, discrimination still exist[s], they still don't like Chinese and people with other religions, especially Christians."

The two reports and the other materials in the administrative record describe similar, rather than worsening, conditions. *See Gotora v. Holder*, 567 F. App'x 219, 222 (5th Cir. 2014); *In re S-Y-G-*, 24 I. & N. Dec. 247, 253 (BIA 2007). Sugiharto and Arifin have not shown that the BIA acted outside of its broad discretion in denying their motion to reopen because their evidence did not show that conditions in Indonesia had materially worsened. *See Zhao v. Gonzales*, 404 F.3d 295, 303 (5th Cir. 2005). Because Sugiharto and Arifin have not shown that the BIA abused its discretion, we need not consider whether prima facie eligibility for asylum, withholding of removal, or relief under the CAT has been established. *See Haider v. Holder*, 471 F. App'x 283, 283-84 (5th Cir. 2012). The petition for review is DENIED.