# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

September 6, 2016

Lyle W. Cayce
Clerk

No. 14-60687
Summary Calendar

ALFREDO FLORES ESPINOSA, also known as Alfredo Espinosa Flores,

Petitioner

v.

LORETTA LYNCH, U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A023 651 707

Before HIGGINBOTHAM, PRADO, and HAYNES, Circuit Judges.

PER CURIAM:*

Alfredo Flores Espinosa has filed a petition for review of the decision of the Board of Immigration Appeals (BIA) construing his motion for a stay of removal as a second motion to reopen and denying that motion as untimely and numerically barred. We review that denial "under a highly deferential abuse-of-discretion standard." *Joseph v. Holder*, 720 F.3d 228, 231 (5th Cir. 2013) (internal quotation marks and citation omitted).

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-60687

Flores Espinosa's motion for a stay pending the BIA's ruling on his appeal was filed after the BIA had ruled on and dismissed his appeal from the immigration judge's denial of his motion to reopen the removal proceedings from 2005. The BIA could have merely denied that request as moot. Instead, it liberally construed the motion as a second motion to reopen the removal proceedings because Flores Espinosa had reasserted that he had been denied effective assistance of counsel in those proceedings and that the proceedings were contrary to law because he was not an alien. So construed, the motion was clearly numerically and temporally barred. *See* 28 U.S.C. § 1229a(c)(7)(A), (C)(i); *see also* 8 C.F.R. § 1003.2(c)(2). The BIA had fully addressed Flores Espinosa's nationality and ineffective assistance of counsel claims in its order affirming the immigration judge's denial of his motion to reopen.[1] Accordingly, it did not abuse its discretion by refusing to revisit those claims. *See Joseph*, 720 F.3d at 231.

In accordance with 8 U.S.C. § 1252(b)(5)(A), we must determine whether Flores Espinosa has demonstrated that he is a United States national or citizen or provided evidence raising a dispute of material fact in this regard. Flores Espinosa concedes that he was not born a United States citizen, but he alleges that he completed paperwork incident to becoming a naturalized citizen. However, he also concedes that he did not take the oath of allegiance necessary to complete the naturalization process. Accordingly, we conclude that there is no fact issue warranting referral to a district court. *Bustamante-Barrera v. Gonzales*, 447 F.3d 388, 393 (5th Cir. 2010)(circuit court is "empowered" to decide nationality claims unless petitioner raises a material fact issue). We further hold that Flores Espinosa is not a United States national or citizen

---

[1] Because Flores Espinosa did not file a petition for review of the BIA's May 5, 2014 order, we lack jurisdiction to review it. *See* 8 U.S.C. § 1252(b)(1); *Navarro-Miranda v. Ashcroft*, 330 F.3d 672, 676 (5th Cir. 2003).

No. 14-60687

because he was born in Mexico and did not complete the naturalization process by taking a public oath of allegiance. *See* 8 U.S.C. §§ 1421, 1448; *see also Omolo v. Gonzales,* 452 F.3d 404, 408 (5th Cir. 2006).

Accordingly, Flores Espinosa's petition for review is DENIED.