# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-60110
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 8, 2017

Lyle W. Cayce
Clerk

XIAFEI CHEN, also known as Xia Fei Chen,

Petitioner

v.

JEFFERSON B. SESSIONS, III, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A205 727 183

Before KING, DENNIS, and COSTA, Circuit Judges.

PER CURIAM:[*]

Xiafei Chen, a native and citizen of China, seeks review of the Board of
Immigration Appeals (BIA) denial of her motion to reopen removal
proceedings. Chen filed her motion to reopen more than 90 days after the BIA's
final order in the removal proceedings. Chen argues that the BIA erred in
concluding that she failed to demonstrate changed country conditions in China.
She also argues that she is prima facie eligible for asylum, withholding of
removal, and relief under the Convention Against Torture (CAT) because the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

evidence in the record demonstrates widespread repression and persecution of Christians and unregistered church groups in China.

The denial of a motion to reopen is reviewed "under a highly deferential abuse-of-discretion standard." *Gomez-Palacios v. Holder*, 560 F.3d 354, 358 (5th Cir. 2009). The BIA's decision will be upheld "as long as it is not capricious, without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach." *Id.*

Ordinarily, a motion to reopen must be filed no later than 90 days after the date on which the final administrative decision was rendered. 8 C.F.R. § 1003.2(c)(2). However, the time bar does not apply if the motion is based on "changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." § 1003.2(c)(3)(ii).

The evidence submitted by Chen reflects a continuation of religious suppression in China that existed at the time of Chen's immigration proceedings. The continuation of persecution during the relevant time period does not qualify as material change. *Gotora v. Holder*, 567 F. App'x 219, 222 (5th Cir. 2014); *Zhang v. Holder*, 487 F. App'x 949, 951-52 (5th Cir. 2012). Therefore, the BIA did not abuse its discretion by determining that the evidence did not establish a material change in country conditions. *See Gomez-Palacios,* 560 F.3d at 358. Because Chen has failed to show that the BIA abused its discretion in determining that she had failed to establish changed country conditions, this court need not examine her argument that she is prima facie eligible for asylum, withholding of removal, and relief under the CAT. *See Iqbal v. Holder*, 519 F. App'x 243, 244 (5th Cir. 2013). Accordingly, the petition for review is DENIED.