# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 29, 2009

Charles R. Fulbruge III
Clerk

No. 08-60580
Summary Calendar

YANG XIN CHUN, also known as Chun Yan Xin, also known as Xing Chun
Yang,

Petitioner

v.

ERIC H HOLDER, JR, U S ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A70 852 201

Before DAVIS, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Yang Xin Chun ("Yang"), a native and citizen of the People's Republic of
China, petitions this court to review the denial by the Board of Immigration
Appeals (BIA) of his motion to reopen asylum and withholding of removal
proceedings. This court has jurisdiction to review Yang's petition because it
seeks relief based on alleged changed circumstances in China. *See Panjwani v.
Gonzales*, 401 F.3d 626, 632 (5th Cir. 2005). "The BIA's denial of a motion to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion
should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

reopen is reviewed for abuse of discretion and its factual findings are reviewed for substantial evidence." *Id.* That discretion will not be disturbed unless the decision is "capricious, racially invidious, utterly without foundation in the evidence, or otherwise so aberrational that it is arbitrary rather than the result of any perceptible rational approach." *Pritchett v. INS*, 993 F.2d 80, 83 (5th Cir. 1993) (internal quotation marks and citation omitted).

Whether Yang made a prima facie case for the relief he seeks is not relevant to whether the BIA abused its discretion when it denied his motion. *See* 8 C.F.R. § 1003.2(a). Yang was required to show changed country conditions in China to overcome the 90-day time limit on his motion to reopen. *See* § 1003.2(c)(2)–(3)(ii). Yang did not show that his fear of persecution for practicing Falun Gong and fathering two children in this country was based on changed conditions in China, as opposed to self-induced changes in his personal circumstances. He has not shown that the BIA's determination lacked an evidentiary foundation. *See Pritchett*, 993 F.2d at 83. Therefore, the BIA's denial of Yang's motion to reopen based on the motion's untimeliness was not an abuse of discretion. Accordingly, the petition for review is DENIED.