[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 12, 2010
JOHN P. LEY
ACTING CLERK

_____

No. 09-12172
Non-Argument Calendar

_____

Agency No. A077-052-002

TENG FEI LIU,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(January 12, 2010)

Before TJOFLAT, BARKETT and WILSON, Circuit Judges.

PER CURIAM:

Teng Fei Liu, a native and citizen of China, seeks review of the Board of

Immigration Appeals's ("BIA") denial of her motion to reopen her asylum proceedings based on changed country conditions. Specifically, she contends that she converted to Falun Gong in 2007, she is an active practitioner, and China has a history of severe persecution of Falun Gong practitioners. In addition, Liu argues that conditions in China have become worse since her prior hearing in 2001, and she points to the evidence she submitted showing that the Chinese government treated Falun Gong practitioners more harshly in advance of the 2008 Olympics. She submits that the evidence also supports that this treatment has continued after the Olympics.

The BIA's denial of a motion to reopen is reviewed for abuse of discretion. *Ali v. U.S. Att'y Gen.*, 443 F.3d 804, 808 (11th Cir. 2006). "Our review is limited to determining whether there has been an exercise of administrative discretion and whether the matter of exercise has been arbitrary or capricious." *Montano Cisneros v. U.S. Att'y Gen.*, 514 F.3d 1224, 1226 (11th Cir. 2008) (quotation omitted).

An alien generally may file one motion to reopen proceedings, if filed within ninety days of the date of entry of a final administrative order of removal. INA § 240(c)(7)(A), (C), 8 U.S.C. § 1229a(c)(7)(A), (C); 8 C.F.R. § 1003.2(c)(2), (3). However, the time limit does not apply if the motion to reopen is based on changed country conditions, "if such evidence is material and was not available and would

not have been discovered or presented at the previous proceeding." INA § 240(c)(7)(C)(ii), 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii). "An alien who attempts to show that the evidence is material bears a heavy burden and must present evidence that demonstrates that, if the proceedings were opened, the new evidence would likely change the result in the case." *Jiang v. U.S. Att'y Gen.*, 568 F.3d 1252, 1256-57 (11th Cir. 2009). In *Jiang*, we held that changed country conditions supported granting a motion to reopen where China's family planning laws were enforced more stringently in the time period between the petitioner's removal hearing and the filing of the motion. *Id.* at 1258.

A change in personal circumstances does not authorize the untimely filing of a motion to reopen. *See* 8 C.F.R. § 1003.23(b)(4)(i); *Jiang*, 568 F.3d at 1258. However, we held in *Zhang v. U.S. Att'y Gen.*, that when a motion to reopen is based primarily on changed country conditions instead, the BIA may excuse an untimely filing. 572 F.3d 1316, 1320 (11th Cir. 2009). In that case, the BIA initially denied the petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture, and while the case was on appeal, she gave birth to two children. *Id.* at 1317-18. The petitioner then filed a motion to reopen, arguing that changed country conditions surrounding China's "one-child" policy meant that she might be forcibly sterilized upon her return to China. *Id.* at 1318. We held that her motion was based on evidence of changed country

3

conditions rather than a change in personal circumstances. *Id.* at 1320.

Based on our review of the record and consideration of the parties' briefs in this case, we grant the petition for review. Although Liu's personal circumstances changed since the time of her first immigration court hearing with her adoption of the practice of Falun Gong, her motion to reopen was based on the change in China's stepped-up enforcement of its prohibition against Falun Gong practitioners. *See id.* She presented evidence of her adoption of Falun Gong to demonstrate that the changed country conditions for Falun Gong practitioners in China would apply to her. Thus, to the extent the BIA concluded that Liu did not satisfy the requirement for a motion to re-open because she presented evidence of a change in her personal circumstances, it abused its discretion.

The BIA also indicated that it was denying Liu's motion to re-open because it found that country conditions in China had not changed materially since her original immigration court hearing in 2001. However, Liu presented evidence that country conditions had worsened for Falun Gong practitioners before and after the 2008 Olympics. Notably, Liu presented one article that the Chinese government was "using pre-Olympic 'security measures' to stifle dissenters in the long term," and another that noted that "a nationwide round-up that occurred in the months preceding the Olympics [] has continued since the closing ceremonies as well." The BIA did not address this evidence in finding that the media reports in advance

4

of the 2008 Olympics did not "establish a sustained escalation in the detention of Falun Gong practitioners or that the treatment of them while detained has worsened." Thus, the BIA's determination that country conditions in China for Falun Gong practitioners had not changed for the worse appears to be arbitrary and not based on the evidence in this case. *Montano Cisneros*, 514 F.3d at 1226. Accordingly, we find that the BIA abused its discretion in denying Liu's motion to re-open and remand her case to the BIA to allow her to apply for asylum and withholding of removal. *See Zhang*, 572 F.3d at 1320 (granting a petition for review of the BIA's denial of a motion to reopen and directing the BIA to reopen proceedings to consider the merits of the petitioner's claims for asylum and withholding of removal).

**PETITION GRANTED.**