# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 13, 2010

No. 09-30589
Summary Calendar

Lyle W. Cayce
Clerk

SUGAR RAY LEWIS,

Plaintiff-Appellant

v.

BRENGESTY, Captain; MILLS, Lieutenant; BASKOR, Lieutenant; WRIGHT, Lieutenant; BERNETTE, Captain; WESTBROOK, Lieutenant; BUTLER, Lieutenant; PARKER, Sergeant; JOHN DOE,

Defendants-Appellees

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:07-CV-279

Before KING, STEWART, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Sugar Ray Lewis, Louisiana prisoner # 110697, filed a complaint under 42 U.S.C. § 1983 against the above named defendants, arguing that the defendants used excessive force against him in violation of his rights under the Eighth Amendment. Lewis moved for appointment of counsel three times before trial, and the magistrate judge denied his motions. Lewis, acting pro se, presented an

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

opening statement, a closing argument, his own testimony, and the testimony of other witnesses at a jury trial of his case.  At the close of plaintiff's evidence, the district court directed a verdict for Brengesty.  The jury found in favor of the remaining defendants.

Lewis takes issue with the jury verdict, arguing that the defendants did in fact use excessive force against him and that Brengesty, who he admits applied no force to him, was liable for failing to intervene.  "We may overturn a jury verdict only if it is not supported by substantial evidence, meaning evidence of such quality and weight that reasonable and fair-minded men in the exercise of impartial judgment might reach different conclusions." *Snyder v. Trepagnier*, 142 F.3d 791, 795 (5th Cir. 1998).  A reversal of a jury verdict may be obtained "only if no reasonable jury could have arrived at the verdict." *Id.*

The defendants' testimony was consistent that force was used on Lewis only to the extent required to restore discipline after Lewis refused orders to turn over a bundle of legal papers for inspection, attempted to bite one defendant, and attempted to head butt another.  The jury was free to credit the defendants' testimony over the testimony of Lewis and his witnesses, and we must accept the jury's credibility determination. *See Guillory v. Domtar Indus., Inc.*, 95 F.3d 1320, 1334 (5th Cir. 1996); *Martin v. Thomas*, 973 F.2d 449, 453 (5th Cir. 1992).  The verdict is not one that no reasonable jury could have reached, and it will not be reversed. *See Snyder*, 142 F.3d at 795.

Lewis also argues that the district court erred in dismissing Brengesty as a defendant at the close of his case-in-chief on the defendants' motion for judgment as a matter of law, a ruling we review *de novo. Raggs v. Miss. Power & Light Co.*, 278 F.3d 463, 467 (5th Cir. 2002).  The district court concluded that Lewis had not put forth evidence in support of an excessive force claim as to Brengesty, and that Lewis's pleadings did not allege the requisite elements for a failure-to-protect claim against him.  To establish a failure-to-protect claim, a plaintiff must show that he was "incarcerated under conditions posing a

2

substantial risk of serious harm and that prison officials were deliberately indifferent to his need for protection." *Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir. 1995). Lewis did not plead deliberate indifference as to Brengesty,[1] and at trial, he offered virtually no evidence against Brengesty. At the time the motion for judgment as a matter of law was granted, the only witness even placing Brengesty at the scene was Lewis himself, and he stated only that Brengesty was there at some point during the incident and "just sat there and watched" while the other officers beat him.[2]

Even if Lewis's pleadings and this evidence were sufficient to avoid a judgment as a matter of law, "[a]t every stage of the proceeding, the court must disregard all errors and defects that do not affect any party's substantial rights." FED. R. CIV. P 61. Because Lewis's claim against Brengesty, construed liberally, requires a showing that Brengesty failed to protect him from one or more of the other defendants who were using excessive force, the failure of Lewis's excessive force claim against all of the other defendants would necessarily doom his failure-to-protect claim. Thus, Lewis has not met his burden of demonstrating that the dismissal of Brengesty at the close of his case in chief was error which prejudiced him. *See James v. NICO Energy Corp.*, 838 F.2d 1365, 1373 (5th Cir. 1988)("[W]here the essential issue was presented to and rejected by the jury, any error in presenting [the dismissed claim] to the jury was harmless error."); *see also Goulet v. New Penn Motor Express, Inc.*, 512 F.3d 34, 43 (1st Cir. 2008)("A wrongly directed verdict in favor of one party is harmless where the jury's ultimate verdict necessarily defeats a claim against the dismissed party.").

---

[1] He alleged as follows: "Captain Brengesty involved by not stopping Defendants from beating me."

[2] During the defendants' case, Brengesty testified that he arrived at a point in time when Lewis was on the floor with a small cut over his eye and that he never observed anyone strike him.

Finally, Lewis argues that the district court erred when it denied his motions for appointment of counsel. A district court is not required to appoint counsel for an indigent plaintiff on appeal in a civil suit unless there exist exceptional circumstances warranting such an appointment. *Ulmer v. Chancellor*, 691 F.2d 209, 212, 213 (5th Cir. 1982). Lewis has not shown that exceptional circumstances exist that would have required appointment of counsel. Accordingly, he has not shown that the district court's denial of his motion was an abuse of discretion. *See Jackson v. Cain,* 864 F.2d 1235, 1242 (5th Cir. 1989). Furthermore, Lewis has not shown that exceptional circumstances exist that would warrant appointment of appellate counsel. *See Cooper v. Sheriff, Lubbock County, Tex.*, 929 F.2d 1078, 1084 (5th Cir. 1991).

Accordingly, the judgment of the district court is AFFIRMED, and Lewis's motion for appointment of appellate counsel is DENIED.