# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 20, 2013

Lyle W. Cayce
Clerk

No. 12-60663
Summary Calendar

HE YIN CHEN,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A094 792 801

Before DAVIS, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM:[*]

He Yin Chen, a citizen of the People's Republic of China, petitions for review of the Board of Immigration Appeals' (BIA) order denying his second motion to reopen his removal proceedings. Despite filing this motion more than 90 days after the BIA's final order in the removal proceeding, Chen contends his motion was timely and not number barred, because it was based on changed country conditions in China resulting from:  his recently converting to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Christianity; and his religious activities placing him in a disadvantageous position with the Chinese government.

The BIA's denying a motion to reopen is reviewed under the deferential abuse-of-discretion standard. *E.g.*, *Manzano-Garcia v. Gonzales*, 413 F.3d 462, 469 (5th Cir. 2005). A petitioner may file only one motion to reopen "no later than 90 days after the date on which the final administrative decision was rendered", unless the motion is "based on changed circumstances arising in the country of nationality". 8 C.F.R. § 1003.2(c)(2), (c)(3)(ii).

The BIA found Chen's personal circumstances, not country conditions in China, had changed. Changed personal circumstances do not constitute changed country conditions for purposes of 8 C.F.R. § 1003.2(c)(2) and (c)(3)(ii). *E.g.*, *Yang Xin Chun v. Holder*, 335 F. App'x 454, 455 (5th Cir. 2009); *Keivani v. Gonzales*, 214 F. App'x 469, 470 (5th Cir. 2007). Accordingly, Chen's motion to reopen was untimely and number barred, and the BIA's denying it on those bases was not an abuse of discretion. *See Manzano-Garcia,* 413 F.3d at 469.

DENIED.