# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-60433
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 12, 2014

Lyle W. Cayce
Clerk

DUANG XIU LIN,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A016 057 925

Before DeMOSS, OWEN, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Duang Xiu Lin (Lin), a native and citizen of China, has petitioned for review of the decision of the Board of Immigration Appeals (BIA) denying her third motion to reopen. Because the BIA affirmed the Immigration Judge's (IJ) decision without opinion, the IJ's decision is the final agency determination for purposes of judicial review. *See Soadjede v. Ashcroft*, 324 F.3d 830, 831-32 (5th Cir. 2003). Lin asserts that the time limits applicable to motions to reopen

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-60433

are not applicable because repression of Falun Gong, which she began practicing in 2008, has worsened in China since her original immigration proceedings in 1999.

Lin's self-induced changed personal circumstances do not constitute changed country conditions. *See Yang Xin Chun v. Holder*, 335 F. App'x 454, 455 (5th Cir. 2009). *Teng Fei Liu v. US Att'y Gen.*, 359 F. App'x 993, 995 (11th Cir. 2010), cited by Lin, is inapposite because the IJ did consider Lin's evidence in determining that the evidence did not show changed country conditions. Because the IJ's finding that the Chinese government's suppression of Falun Gong has been continuing and ongoing since 1999 is supported by substantial evidence, the BIA did not abuse its discretion in refusing to reopen the immigration proceedings. The petition is DENIED.