# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 12-20829
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 3, 2014

Lyle W. Cayce
Clerk

BUBBA L. WILLIAMS,

Plaintiff-Appellant

v.

LIEUTENANT J. MARTIN; MAJOR D. CROWLEY, Major; CAPTAIN E. MCWHORTERS; WARDEN B. LEWIS; PCS J. WANG; G. THOMPSON; LVN S. MARTIN; STEPHEN MARTIN; B. CARDOZA; G. PREECE; J. HEIL; LIEUTENANT B. CASTLEBERRY; T. RUSSELL; WARDEN C. T. O'REILLY; N. ISSAC; WARDEN G. OLIVER; LIEUTENANT G. SPURLOCK,

Defendants-Appellees

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 4:09-CV-4124

Before WIENER, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Bubba L. Williams, Texas prisoner # 471333, appeals the jury verdict rendered in favor of defendants, the district court's denial of numerous pretrial motions, the district court's granting of defendants' motion to seal medical

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

records and partial motion for summary judgment, and the court's denial of injunctive relief in his 42 U.S.C. § 1983 suit. In the suit, Williams alleged that defendants used excessive force, denied or delayed medical treatment, and failed to protect him. Williams further alleged that his constitutional rights were violated during his disciplinary hearing, and he raised a conspiracy claim. Williams moves here for leave to file a supplemental brief and for the appointment of counsel. His motion for leave to file a supplemental brief is GRANTED; his motion for appointment of counsel is DENIED.

Williams asserts that the district court erred in denying his discovery motions, his motion for reconsideration, and his motion to continue trial. He further asserts that the district court erred in granting partial summary judgment on his medical care claims and erred in granting defendants' motion to seal his medical records. However, Williams does not present any specific argument supporting his assertions or identify any error in the district court's analysis, instead presenting only conclusory allegations and statements. Thus, these issues are deemed abandoned. *See Hughes v. Johnson*, 191 F.3d 607, 613 (5th Cir. 1999); *see also Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Next, we conclude that Williams has not shown that the district court abused its discretion by denying his motion to recuse because his only argument in support of that motion was that the court denied the majority of his motions. *See Trevino v. Johnson*, 168 F.3d 173, 178 (5th Cir. 1999). Adverse judicial rulings are typically insufficient to warrant recusal. *See Liteky v. United States*, 510 U.S. 540, 555 (1994).

Likewise, Williams has not established that the district court abused its discretion in denying his motions for the appointment of counsel because he failed to show that exceptional circumstances existed in his case: it was not

complex, and Williams competently represented himself during pretrial proceedings and at trial. *See Cupit v. Jones*, 835 F.2d 82, 86 (5th Cir. 1987); *see also Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982). Because Ralph Gibson and James Wallace, former prisoners and alleged witnesses to the underlying fight between Williams and prison official Jason Martin, were no longer incarcerated and could not be located after numerous attempts, the district court did not abuse its discretion in denying Williams's motion to issue subpoenas and for writs of habeas corpus ad testificandum. *See Latiolais v. Whitley*, 93 F.3d 205, 208 (5th Cir. 1996); *see also Ballard v. Spradley*, 557 F.2d 476, 480 (5th Cir. 1977).

Williams's claim that the district court should have appointed a medical expert and a use of force expert under Federal Rule of Evidence 706 is without merit. The district court does not have authority to appoint an expert witness under 28 U.S.C. § 1915 (the in forma pauperis statute). *Pedraza v. Jones*, 71 F.3d 194, 196-97 (5th Cir. 1995). Under Rule 706(a), the district court may, on a party's motion or on its own, appoint an expert witness. "Compensation of the expert is by the parties 'in such proportion and at such time as the court directs.'" *Pedraza*, 71 F.3d at 197 n.5 (quoting FED. R. EVID. 706(b)).[1] Thus, the district court was without authority to provide government funding for an expert witness for Williams. *See* FED. R. EVID. 706(c). In addition, Williams makes only conclusory assertions here regarding the appointment of experts; he fails to explain specifically how the experts would have aided the prosecution of his case.

---

[1] The compensation provision of Rule 706 is now contained in subsection (c). FED. R. EVID. 706(c).

With regard to Williams's contention that the district court erred in excluding Martin's disciplinary records at trial, we conclude that the court properly excluded the evidence as inadmissible character or prior bad act evidence under Rule 404(a) and (b) of the Federal Rules of Evidence. Character evidence is inadmissible to show that a person acted in accordance with that character on a particular occasion. *See* FED. R. EVID. 404(a)(1). In addition, "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." FED. R. EVID. 404(b)(1). Williams sought to introduce the evidence because he claimed that it showed that Martin had a propensity to be violent against prisoners, as shown by his prior use of excessive force against other prisoners. Because Williams sought to introduce the disciplinary records to show that Martin acted in accordance with his character on a particular occasion, Williams has failed to show that the district court abused its discretion in excluding the disciplinary records. *See United States v. Marrero*, 904 F.2d 251, 260 (5th Cir. 1990).

Williams also asserts that the district court erred in denying injunctive relief in conjunction with his request for a lower locker box because he could not reach a higher locker box due to his injuries. However, we have already addressed the denial of Williams's claims for injunctive relief and determined that the denial of a temporary restraining order is not appealable and that Williams had not shown that he was entitled to a preliminary injunction in connection with the locker box. *See Williams v. Martin,* 477 F. App'x 294, 295 (5th Cir. 2012).

Next, Williams (who had the burden of proof) contends that the evidence was insufficient to support the jury's verdict on his claims of excessive use of force. There is no indication in the record that Williams moved before or after

the verdict for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50.  Thus, we are without power to address this contention.  *Ortiz v. Jordan*, 131 S. Ct. 884, 892 (2011) ("Absent [a Rule 50(b)] motion, we have repeatedly held, an appellate court is 'powerless' to review the sufficiency of the evidence after trial."); *Unitherm Food Sys., Inc. v. Swift-Eckrich, Inc.*, 546 U.S. 394, 400-01 (2006) (holding that the lack of a Rule 50(b) motion deprives the appellate court of the power to review insufficiency of the evidence); *see Downey v. Strain*, 510 F.3d 534, 543 (5th Cir. 2007) ("[A] Rule 50(b) motion is necessary to preserve an argument for appellate review even when a Rule 50(a) motion was denied after all the evidence was presented . . . ." (citing *Unitherm*, 546 U.S. at 405-06)).

Even if we could review this for plain error, the result would be the same: in the face of conflicting evidence about how the fight started and how it progressed, there is no basis for us to sustain a sufficiency of the evidence challenge here.  At trial, Williams testified that he was attacked by Martin without provocation.  However, Martin testified that he was attacked by Williams after he (Martin) approached Williams and another prisoner who appeared to arguing.  Two other prison officials, who were also defendants, testified that they came on the scene later and saw Williams resisting handcuffs and fighting with Martin.  Williams and the defendants presented contradictory versions of the underlying altercation; the jury rejected Williams's version of events and apparently believed the defendants.  We will not reweigh the conflicting evidence or make credibility determinations. *United States v. Grant*, 683 F.3d 639, 642 (5th Cir. 2012).   In light of the foregoing, there was more than enough evidence to support the verdict.

We conclude that Williams has not shown that the district court erred, plainly or otherwise, by allowing two former defendants to testify because his

only argument in that regard is conclusory.  *See Puckett v. United States*, 556 U.S. 129, 135 (2009).   In particular, he argues that their testimony is prejudicial and misleading simply because they were former defendants in the suit.  Williams's claims regarding his disciplinary hearing are moot because he has been released from prison.  *See Spencer v. Kemna*, 523 U.S. 1, 7 (1998).

In addition, he has not shown that the district court erred in dismissing his failure to protect claims.  For a failure to protect claim, Williams was required to show that he was "incarcerated under conditions posing a substantial risk of serious harm and that the prison officials acted with deliberate indifference to [his] safety." *Johnson v. Johnson*, 385 F.3d 503, 524 (5th Cir. 2004) (citation and internal quotation marks omitted).  Williams alleged only that defendants failed to curb abuse of prisoners and that they knew that Martin had a propensity to assault prisoners based on his disciplinary records; his bald and conclusory allegations are insufficient to state a claim. *See Lynch v. Cannatella*, 810 F.2d 1363, 1369-70 (5th Cir. 1987).

Finally, Williams asserts that, because of the district court's cumulative errors, he was denied a fair and impartial trial and that his constitutional rights were violated.  However, he has shown no error capable of accumulation that would entitle him to relief.

AFFIRMED.