# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-60391
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 19, 2016

Lyle W. Cayce
Clerk

QI LIN,

Petitioner,

v.

LORETTA LYNCH, U. S. ATTORNEY GENERAL,

Respondent.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A076 505 338

Before KING, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Qi Lin, a native and citizen of the People's Republic of China, has filed a petition for review of the Board of Immigration Appeals' (BIA) order affirming the denial of his motion to rescind an in abstentia removal order and to reopen his deportation proceedings. In affirming the immigration judge's (IJ) denial of relief, the BIA upheld the IJ's findings that (i) Lin's motion was time barred, because he failed to file his motion within the 180-day limitations period

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

prescribed by 8 U.S.C. § 1229a(b)(5)(C)(i) and (ii) he failed to establish "changed country conditions," as required by § 1229a(c)(7)(C)(ii).

Lin contends that the 180-day limitations period set forth in § 1229a(b)(5)(C)(i) should be tolled because he was diligent in pursuing his claims from the expiration of the limitations period—occurring in or around January 2000—until he filed his motion on January 13, 2013. He also contends that his conversion to Christianity in the U.S. in 2011, the fact that he could be imprisoned if he returned to China, and an increase in the Chinese government's persecution of Christians, showed the requisite "changed country conditions" entitling him to relief.

Motions to reopen removal proceedings are disfavored, and the moving party bears a heavy burden. *Altamirano-Lopez v. Gonzales*, 435 F.3d 547, 549 (5th Cir. 2006) (per curiam). In reviewing the BIA's denial of a motion to reopen, this court generally applies a "highly deferential abuse-of-discretion standard" and will affirm the BIA's decision "so long as it is not capricious, racially invidious, utterly without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach." *Zhao v. Gonzales*, 404 F.3d 295, 303-04 (5th Cir. 2005) (internal quotations marks and citation omitted).

Because Lin's motion to reopen was filed many years after the IJ's entry of the in abstentia order of removal in 1999, § 1229a(b)(5)(C)(i) is inapplicable, unless Lin can establish that the 180-day limitations can be equitably tolled. This court has recognized that equitable tolling should apply in "rare and exceptional circumstances," *United States v. English*, 400 F.3d 273, 275 (5th Cir. 2005), and that a party seeking to toll a filing deadline must demonstrate diligence, *Pacheco v. Rice*, 966 F.2d 904, 906-07 (5th Cir. 1992). The BIA held that Lin did not make the necessary showing to toll § 1229a(b)(5)(C)(i)'s

limitations period. Upon a review of the record, we conclude that the BIA's holding in this regard was not an abuse of discretion.

Nevertheless, "[t]here is no time limit on the filing of a motion to reopen" if the motion "is based on changed country conditions arising in the country of nationality." 8 U.S.C. § 1229a(c)(7)(C)(ii). Lin's brief focuses on the change in his own personal circumstances—his conversion to Christianity in 2011—and only makes a single conclusory statement in support of his argument that "changed country conditions" exist in China. Because Lin has failed to elaborate on his conclusory statement, and failed to explain how his supporting documentation supports his statement, he has effectively abandoned any argument that there exist "changed country conditions" in China. *See Williams v. Martin*, 570 F. App'x 361, 363 (5th Cir. 2014) (per curiam). Furthermore, his argument that a change in his own personal circumstances— his conversion to Christianity—is sufficient to establish "changed country conditions" is unavailing. *See Lin v. Holder*, 558 F. App'x 422, 422 (5th Cir. 2014) (per curiam); *Chen v. Holder*, 531 F. App'x 453, 454 (5th Cir. 2013) (per curiam). For these reasons, the BIA did not abuse its discretion in denying Lin's application on the grounds that he failed to establish "changed country conditions."

The petition for review is DENIED.