# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

September 19, 2023

Lyle W. Cayce
Clerk

No. 21-10931

KASSAN KHALID MORGAN,

*Plaintiff—Appellant*,

*versus*

DANA RICHARDS, CORRECTIONAL OFFICER; KIMBERLY
SATTERFIELD, CORRECTIONAL OFFICER; KEVIN DARDEN,
CORRECTIONAL OFFICER; RICK BREWSTER, CORRECTIONAL
OFFICER; MELISSA STENGEL; CHRISTOPHER ARIAS,
CORRECTIONAL OFFICER; FRANKIE L. HAYNES, LAW
LIBRARIAN; HAZELLE M. DAVIS, CORRECTIONAL OFFICER V;
KENNETH MADISON, JR.; ROBERT WAINSCOTT; JAMES
TAPSCOTT; ADAM SALVADOR; JOSEPH BOYLE,

*Defendants—Appellees*.

---

Appeal from the United States United States District Court
for the Northern District of Texas
USDC No. 7:12-CV-34

---

Before ELROD, HAYNES, and WILLETT, *Circuit Judges*.

PER CURIAM:*

---

* This opinion is not designated for publication. *See* 5TH CIR. RULE 47.5.4

Kassan Khalid Morgan, Texas prisoner #1306656, challenges the district court's denial of his motions for appointment of counsel in his § 1983 action. A district court is not required to appoint counsel for an indigent civil-rights plaintiff unless the case presents "exceptional circumstances." The district court did not abuse its discretion in holding that this case did not present such circumstances. We AFFIRM.

I

Kassan Khalid Morgan filed a § 1983 action against various prison officials. Morgan alleged that after he filed a lawsuit against other prison officials, the defendants retaliated against him by turning off the water in his cell, denying him food and access to courts, using excessive and unnecessary force, instituting false disciplinary charges, and conspiring against him.

Morgan filed two motions for appointment of counsel. He claimed that he had been kept in Administrative Segregation for 23 hours a day, impairing his ability to access legal materials, and that he suffers from a mental impairment which "substantially limits and significantly restricts his ability to perform major life activities." The district court denied Morgan's first motion for counsel and dismissed his complaint as frivolous before ruling on the second. On appeal, we vacated the district court's dismissal of several of Morgan's claims and remanded for further proceedings. *Morgan v. Richards*, 725 F. App'x 270, 273 (5th Cir. 2018) (per curiam). But we affirmed the district court's denial of Morgan's motion for appointment of counsel. *Id.*

On remand, Morgan filed an additional motion for appointment of counsel, which the district court denied. The district court then granted in part and denied in part the defendants' motions for summary judgment. After the case was set for a jury trial, Morgan again filed yet another motion for appointment of counsel. He contended that his limited education and

mental impairments rendered him unable to conduct a trial, cross-examine witnesses, arrange exhibits, or file pretrial motions. Again, the district court denied Morgan's motion. A jury trial was conducted, and the jury returned a defense verdict on all claims.

Morgan's sole contention on appeal is that the district court abused its discretion in denying him appointment of counsel. Morgan argues that he lacked the ability to effectively litigate because he has an I.Q. of 84, a fourth-grade education, limited access to the law library, and a mental illness for which he takes medication. He says he needed an attorney to help with discovery and to effectively cross-examine witnesses and present evidence at trial. He attributes his limited success at the pretrial stage to "jailhouse lawyers" who were not allowed to represent him at trial. Finally, Morgan asserts that he is a covered person under § 504 of the Rehabilitation Act and that denying him appointed counsel violated his right to reasonable accommodations under that Act.

## II

An order denying a request for appointed counsel is reviewed for abuse of discretion. *Cupit v. Jones*, 835 F.2d 82, 86 (5th Cir. 1987). "A court 'abuses its discretion if it bases its decision on an erroneous view of the law or on a clearly erroneous assessment of the evidence.'" *Hall v. Louisiana*, 884 F.3d 546, 549 (5th Cir. 2018) (quoting *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 638 (5th Cir. 2005)).

## III

We previously affirmed the denial of Morgan's first motion for appointment of counsel. *Morgan*, 725 F. App'x at 273. To the extent Morgan challenges that denial, the law-of-the-case doctrine forecloses revisiting it. *See United States v. Matthews*, 312 F.3d 652, 657 (5th Cir. 2002). Morgan's argument that the denial of his motion violated § 504 of the Rehabilitation

No. 21-10931

Act is equally unavailing. That statute, by its terms, does not apply to the federal judiciary. *See* 29 U.S.C. § 794(a)–(b).

That leaves Morgan's argument that the district court abused its discretion by denying the two motions for appointment of counsel that he filed after remand from our court. A civil rights plaintiff has no right to the automatic appointment of counsel. *Cupit*, 835 F.2d at 86. And a district court is not required to appoint counsel for an indigent plaintiff in a civil rights action unless the case presents "exceptional circumstances." *Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982). Although there is no comprehensive definition of what constitutes "exceptional circumstances," a district court should consider several factors when determining whether to appoint counsel. *Id.* at 213. These factors include:

> (1) the type and complexity of the case; (2) the petitioner's ability adequately to present and investigate his case; (3) the presence of evidence which largely consists of conflicting testimony so as to require skill in presentation of evidence and in cross-examination; and (4) the likelihood that appointment will benefit the petitioner, the court, and the defendants by 'shortening the trial and assisting in just determination.'

*Parker v. Carpenter,* 978 F.2d 190, 193 (5th Cir. 1992) (quoting Murphy v. Kellar, 950 F.2d 290, 293 n.14 (5th Cir. 1992)).

Here, the district court denied Morgan's motions in two nearly identical boilerplate orders that were also nearly identical to the order denying Morgan's pre-remand motion for appointment of counsel. In these orders, the district court recited the relevant factors and held that Morgan "failed to establish exceptional circumstances which would warrant appointment of counsel in this case." According to the court, the case did not present complex issues of fact and law. And citing Morgan's complaint and filings, the court said that Morgan "adequately presented the operative

4

facts," adding that he had an average "command of the English language" and "understanding of court procedures." The court also noted that appointment of counsel was unlikely to shorten the length of trial or "assist in a just resolution of the complaint."

We have indicated that appointment of counsel may be required at later stages of litigation even if it was not appropriate at the motions stage. *See Payne v. Parnell*, 246 F. App'x 884, 890 n.6 (5th Cir. 2007) (per curiam) (holding denial of appointment of counsel was not abuse of discretion at the summary judgment stage because "concerns about effective cross-examination have not yet been implicated," but "express[ing] no opinion regarding whether on remand Payne should have counsel appointed to assist him in further pursuing his § 1983 claim"); *Parker*, 978 F.2d at 193 (directing appointment of counsel "[i]f Appellant's claims survive preliminary exploration"). Thus, instead of issuing boilerplate orders denying Morgan's motions at different stages of litigation, the district court should have considered the facts anew at each stage, especially the trial stage.

However, on this record, we cannot say that the district court abused its discretion in denying Morgan's motions for appointment of counsel. First, the district court is correct that there is nothing particularly complex about the case. It involves an alleged single incident of excessive force and retaliation where the facts, although disputed, were within Morgan's personal knowledge. *See Feist v. Jefferson Cnty. Comm'rs Court*, 778 F.2d 250, 253 (5th Cir. 1985) (holding in a conditions-of-confinement case brought by pretrial detainee that the appointment of counsel is not warranted in "straight-forward fact-intensive case"); *Van Guilder v. LeBlanc Group*, 180 F.3d 264 (5th Cir. 1999) (per curiam) (holding that district court did not abuse its discretion in denying state prisoner's motion for appointment of counsel because prisoner's § 1983 excessive force claim was not legally or factually complicated).

No. 21-10931

Second, while Morgan's arguments regarding his low I.Q., lack of education, and mental illness are compelling, the totality of Morgan's district court filings, as well as his briefs to this court, demonstrate an ability to adequately present and investigate the case. Morgan attributes his adequate filings to "jailhouse lawyers" who were unable to assist him at trial and asserts that his limited education and mental impairment rendered him unable to adequately litigate the case at trial. But the transcript from the hearing on Morgan's motion for a preliminary injunction shows that he was able to perform adequately in a hearing setting. He recounted his version of the events, examined a favorable witness, attacked the defendants' versions through cross-examination, and overcame defense objections. This suggests that he would have been able to perform similarly at trial. Of course, Morgan faced an uphill battle at trial in investigating the officials and policies at the facility where he was incarcerated. But we have held that the district court did not abuse its discretion by denying appointment of counsel in similar circumstances. *See Lewis v. Brengesty*, 385 F. App'x 395, 397 (5th Cir. 2010) (per curiam); *Williams v. Martin*, 570 F. App'x 361, 363 (5th Cir. 2014) (per curiam).

The third factor admittedly weighs in favor of appointment of counsel—given the nature of the case, conflicting testimony between Morgan and the prison officials likely made up a majority of the evidence at trial. But the fourth factor weighs against Morgan as the district court did not see any reason, nor do we, that appointment of counsel would have shortened the length of trial.

Again, on this record, with all but one factor weighing against the appointment of counsel, we cannot say that this case constitutes an "exceptional circumstance" in which the district court abused its discretion. Of course, we do not decide whether we would have granted Morgan's motions for appointment of counsel ourselves nor whether we would have

weighed the factors differently than the district court. And we do not condone the district court's repeated use of the same boilerplate reasons in its orders rejecting Morgan's motions at different stages of litigation. However, the district court recited the correct factors and weighed them. It did not base its decision on an erroneous view of the law or the facts. And our independent analysis of these factors does not show an abuse of discretion.

AFFIRMED.