13-1735-cr
United States v. Blake

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of March, two thousand fourteen.

PRESENT:  REENA RAGGI,
                GERARD E. LYNCH,
                DENNY CHIN,
                        *Circuit Judges*.

-----------------------------------------------------------------------

UNITED STATES OF AMERICA,
        *Appellee*,

        v.                               No. 13-1735-cr

ALLEN BLAKE,
        *Defendant-Appellant.*

-----------------------------------------------------------------------

FOR APPELLANT:                Damond J. Carter, Carter & Associate Attorneys, New York, New York.

FOR APPELLEE:               Santosh S. Aravind, Michael A. Levy, Assistant United States Attorneys, *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Robert P. Patterson, Jr., *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on November 4, 2010, is AFFIRMED.

Defendant Allen Blake appeals from a judgment of conviction following a jury trial at which he was found guilty of mail fraud in connection with a life insurance policy. See 18 U.S.C. § 1341. He argues that (1) the evidence was insufficient to prove guilt beyond a reasonable doubt, (2) the government procured conviction through perjured testimony and false evidence, and (3) he received ineffective assistance of counsel. We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision to affirm the district court's judgment.[1]

1.    Sufficiency of the Evidence

Blake argues that, under New York law, he was entitled to life insurance proceeds upon his former wife's death; therefore, his false statement on the insurance claim that he remained married to the insured deceased was necessarily insufficient as a matter of law to

---

[1] Although Blake contends that this is an appeal from the denial of his 28 U.S.C. § 2255 petition, it is, in fact, a direct appeal from conviction. Due to a docketing error, Blake's timely notice of appeal filed in 2010 was not transmitted to this court. Therefore, Blake filed a § 2255 petition, the denial of which prompted him to seek a certificate of appealability from this court. Upon discovery of the mis-docketed direct appeal, we simultaneously granted Blake a certificate of appealability, vacated the denial of his petition, and directed the district court to docket and transmit Blake's timely notice of direct appeal. Thus, this appeal is properly reviewed as the direct appeal from Blake's judgment of conviction.

prove that he had an intent to defraud. We review this legal challenge to sufficiency de novo at the same time that we view the trial evidence in the light most favorable to the jury verdict. See United States v. Vilar, 729 F.3d 62, 91 (2d Cir. 2013).

We conclude that Blake's reliance on "entitlement" to challenge sufficiency is foreclosed by precedent holding that a claim of right to funds obtained through a false statement is not a defense negating fraudulent intent. See United States v. Gole, 158 F.3d 166, 168 (2d Cir. 1998) ("[C]ourts have uniformly held that a claim-of-right is not a defense to mail fraud."). To be sure, we have also held that honest misstatement is insufficient to prove fraudulent intent. See United States v. Rossomando, 144 F.3d 197, 200–03 (2d Cir. 1998). But Blake does not contend that he honestly believed or thought his misstatement would have no bearing on his insurance claim. To the contrary, the evidence showed that he fully expected that his claim would be denied if he truthfully reported to Prudential that he and his wife divorced prior to her death. Thus, like the defendant in Gole, Blake chose intentionally to deceive Prudential by submitting knowingly false information to obtain insurance proceeds rather than employing legal channels to challenge the anticipated denial.[2] We therefore conclude that Blake fails to show that the evidence was insufficient as a matter of law to support a guilty verdict.

_____

[2] In explaining why such falsity, even in pursuit of monies owed, was sufficient to manifest fraudulent intent, Gole observed that if the law were otherwise:

anyone who believed that he was legally entitled to benefits

3

2.      Perjurious and False Testimony

"A conviction obtained by the knowing use of perjured testimony is fundamentally unfair, and must be set aside if there is any reasonable likelihood that the false testimony could have affected the judgment of the jury."  United States v. Cromitie, 727 F.3d 194, 221 (2d Cir. 2013) (internal quotation marks omitted).  Nevertheless, "[r]eversal of a conviction based upon allegations of perjured testimony should be granted only with great caution and in the most extraordinary circumstances."  United States v. Zichettello, 208 F.3d 72, 102 (2d Cir. 2000) (internal quotation marks omitted).   This case does not present such circumstances.   Blake's perjury and false evidence claim rests on purported evidentiary inconsistencies that are not enough to demonstrate actual perjury.  See United States v. Josephberg, 562 F.3d 478, 494 (2d Cir. 2009) ("Differences in recollection do not constitute perjury, and when testimonial inconsistencies are revealed on cross-examination, the jury is entitled to weigh the evidence and decide the credibility issues for itself." (internal quotation marks, citation, and alteration omitted)); United States

> from a pension plan, or an insurance policy, or a government program, but who was concerned that he or she might nevertheless be denied such benefits, would be given carte blanche simply to lie to obtain those benefits.  Such a course of action would often be much easier than pursuing legal remedies through civil actions in court, and would guarantee success as long as the misrepresentation remained undiscovered. We will not encourage people to lie to obtain benefits rather than pursue their rights in civil actions.

United States v. Gole, 158 F.3d at 168.

4

v. Monteleone, 257 F.3d 210, 219 (2d Cir. 2001) ("A witness commits perjury if he gives false testimony concerning a material matter with the willful intent to provide false testimony, as distinguished from incorrect testimony resulting from confusion, mistake, or faulty memory."). In the absence of a showing of actual perjury, we need not consider the materiality of the purported falsity or any other factors necessary to reversal. See United States v. Cromitie, 727 F.3d at 221.

3.      Ineffective Assistance of Counsel

Blake argues that he was denied constitutionally effective counsel by his trial attorney's failure to utilize material evidence and to request a jury instruction regarding Blake's entitlement to the insurance proceeds. "When faced with a claim for ineffective assistance of counsel on direct appeal, we may: (1) decline to hear the claim, permitting the appellant to raise the issue as part of a subsequent petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255; (2) remand the claim to the district court for necessary factfinding; or (3) decide the claim on the record before us." United States v. Tarbell, 728 F.3d 122, 128 (2d Cir. 2013) (internal quotation marks omitted). Mindful that the Supreme Court has indicated a general preference for the first option, see Massaro v. United States, 538 U.S. 500, 504 (2003) (stating that "in most cases a motion brought under § 2255 is preferable to direct appeal for deciding claims of ineffective assistance"); see also United States v. Morris, 350 F.3d 32, 39 (2d Cir. 2003), and unable to resolve the

5

question on the present record, we dismiss Blake's ineffective assistance claims without prejudice to his filing a § 2255 petition.

We have considered Blake's remaining arguments and reject them as without merit. Accordingly, the judgment of conviction is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court