14-2277-cv
*LaSonde v. Seabrook*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of January, two thousand fifteen.

Present:     ROBERT A. KATZMANN,
                          *Chief Judge*,
              AMALYA L. KEARSE,
              REENA RAGGI,
                          *Circuit Judges.*

_____

CHANDRA LASONDE,

              *Plaintiff-Appellant*,

       v.

                                                      14-2277-cv

NORMAN SEABROOK in his individual and official capacity as a Correction Officer for the New York City Department of Correction, ELIAS HUSAMUDEEN in his individual and official capacity as a Correction Officer for the New York City Department of Correction, JOSEPH BRACCO in his individual and official capacity as a Correction Officer for the New York City Department of Correction, ELIZABETH CASTRO in her individual and official capacity as a Correction Officer for the New York City Department of Correction, THOMAS FARRELL in his individual and official capacity as a Correction Officer for the New York City Department of Correction, KAREN BELFIELD in her individual and official capacity as a Correction Officer for the New York City Department of Correction, STEVE ROBINSON in his individual and official capacity as a Correction Officer for the New York City Department of Correction, CITY OF NEW YORK, ROSE GILL HEARN in her individual and official capacity as Commissioner for the New York City Department of Investigation, ROBERT A. GIGANTE in his individual and official capacity as Inspector General of the New York City Department of Investigation for the New York

City Department of Correction, JACQUELINE MAQUINE in her individual and official capacity as Chief of Staff for the Correction Services Unit for the New York City Department of Investigation, VINCENT COPPOLA, THE UNITED STATES OF AMERICA, PREET BHARARA in his individual capacity, and SHEILA NICKENS-THOMAS in her individual and official capacity as Criminal Investigator for the United States Attorney's Office for the Southern District of New York,

*Defendants-Appellees*,

UNITED STATES ATTORNEY'S OFFICE FOR THE SOUTHERN DISTRICT OF NEW YORK,

*Defendant*.[*]

_____

| | |
|---|---|
| For Plaintiff-Appellant: | Chandra LaSonde, pro se, Middletown, NY. |
| For Defendants-Appellees Seabrook, Husamudeen, Bracco, Castro, Farrell, Belfield, Robinson, & Coppola: | Howard Wien, Koehler & Isaacs LLP, New York, NY. |
| For Defendants-Appellees City of New York, Hern, Gigante, & MaQuine: | Marta Soja Ross, New York City Law Department, *for* Zachary W. Carter, Corporation Counsel of the City of New York, New York, NY. |
| For Defendants-Appellees United States, Bharara, & Nickens-Thomas: | Tomoko Onozawa (Emily E. Daughtry, *on the brief*), Assistant United States Attorneys, *for Preet Bharara*, United States Attorney's Office for the Southern District of New York, New York, NY. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Crotty, *J.*).

_____

[*] The Clerk is directed to amend the caption.

2

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Chandra LaSonde, proceeding pro se, appeals the district court's judgment dismissing her claims of malicious prosecution for failure to state a claim. LaSonde's claims arise from her prosecution for mail fraud in connection with a false insurance claim submitted by Allen Blake. Blake and LaSonde were tried together. Blake was convicted and LaSonde was acquitted. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review de novo a district court's dismissal of a complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, "construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). The complaint must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," and pleadings that "are no more than conclusions [] are not entitled to the assumption of truth." *Id.* at 678, 679.

In New York, a plaintiff alleging malicious prosecution must show, *inter alia*, that "the defendant did not have probable cause to believe the plaintiff was guilty of the crime charged."

3

*Cook v. Sheldon*, 41 F.3d 73, 79 (2d Cir. 1994). "[T]he existence of probable cause is a complete defense to a claim of malicious prosecution in New York." *Savino v. City of New York*, 331 F.3d 63, 72 (2d Cir. 2003). And "indictment by a grand jury creates a presumption of probable cause that may *only* be rebutted by evidence that the indictment was procured by fraud, perjury, the suppression of evidence or other police conduct undertaken in bad faith." *Id.* (internal quotation marks omitted).

Here, the grand jury's indictment of LaSonde created a presumption of probable cause. LaSonde argued below that the presumption was overcome, however, because the indictment was procured based on lies regarding Blake's entitlement, or lack thereof, to the insurance proceeds he attempted to claim for himself. However, as the district court correctly noted, that argument cannot survive the ruling that Blake's entitlement was irrelevant to his conviction—and by extension, to the probable cause supporting the indictment—which was premised on his choice to intentionally lie in his benefits application. *See United States v. Blake*, 558 F. App'x 129, 130 (2d Cir. 2014) (summary order).

LaSonde now disavows her earlier theory of the case and asserts that her claims are in fact premised on the lies allegedly told by various defendants regarding her authority to process Blake's insurance application, and that these allegations are sufficient to rebut the presumption of probable cause. This argument does not address the basis for the indictment, however, which was Blake's intentionally false statement in his application. Whether LaSonde had authority to process the application is immaterial.

LaSonde also claims that defendants made false statements concerning her knowledge of Blake's marital status, which further rebut the presumption of probable cause. LaSonde,

4

however, does not—and cannot—allege that probable cause was based on these statements, or that any of the defendants who made these statements initiated her criminal prosecution. *See Manganiello v. City of New York*, 612 F.3d 149, 163 (2d Cir. 2010) (observing that, to initiate prosecution, defendant "must play an active role in the prosecution, such as giving advice and encouragement or importuning the authorities to act," and "must do more than report the crime or give testimony"). Accordingly, the malicious prosecution claims are barred.

LaSonde's brief addresses only her claims of malicious prosecution. She has therefore abandoned all other claims raised in her second amended complaint. *See Jackler v. Byrne*, 658 F.3d 225, 233 (2d Cir. 2011). We have considered all of LaSonde's remaining arguments and find them to be without merit.

Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5