16-1383-cv
*Allen Blake v. The Prudential Life Insurance Company of America*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of March, two thousand seventeen.

PRESENT:    JOSÉ A. CABRANES,
            RICHARD C. WESLEY,
                    *Circuit Judges*,
            VICTOR MARRERO,*
                    *District Judge.*

_____

ALLEN BLAKE,

                *Plaintiff-Appellant,*                        16-1383-cv

                v.

THE PRUDENTIAL INSURANCE COMPANY OF
AMERICA,

                *Defendant-Appellee.*

_____

**FOR PLAINTIFF-APPELLANT:**                  Allen Blake, pro se, Hempstead, NY.

_____

\* Judge Victor Marrero, of the United States District Court for the Southern District of New York, sitting by designation.

1

**FOR DEFENDANT-APPELLEE:**                     Amanda A. Sonneborn, Mark Casciari, and James C. Goodfellow, Seyfarth Shaw LLP, Chicago, IL.

Appeal from an order of the United States District Court for the Southern District of New York (Richard J. Sullivan, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the District Court be and hereby is **AFFIRMED**.

Plaintiff-appellant Allen Blake's first attempt to procure the life insurance payment at issue in this case—which he claims is owed to him as a result of the death of his ex-wife, Pearl Blake—landed him in prison. As a result of falsely representing that he was Ms. Blake's "husband" in his life insurance claim to Prudential (which Prudential granted), Blake was charged, tried, and—on June 15, 2010—convicted of mail fraud.[1] Now, proceeding with counsel in the District Court but *pro se* on appeal, Blake has brought claims against Prudential for breach of contract, negligent misrepresentation, and fraud. Substantially for the reasons given by the District Court, we agree that Blake has failed to state a claim.

We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal. We review *de novo* a district court's entry of judgment on the pleadings under Federal Rule of Civil Procedure 12(c). *See Hardy v. N.Y. City Health & Hosp. Corp.*, 164 F.3d 789, 792 (2d Cir. 1999). And "[i]n deciding a Rule 12(c) motion, we apply the same standard as that applicable to a motion under Rule 12(b)(6)." *Sheppard v. Beerman*, 18 F.3d 147, 150 (2d Cir. 1994). In addition, "[w]e construe the submissions of a *pro se* litigant liberally and interpret them to raise the strongest arguments that they *suggest*." *Keeling v. Hars*, 809 F.3d 43, 47 n.2 (2d Cir. 2015) (emphasis in original) (internal quotation marks omitted), *cert. denied*, 136 S. Ct. 2519 (2016).

Blake argues that he had a privilege under New York law and his group life insurance policy to "convert" that policy's coverage of Ms. Blake as a dependent into an independent, stand-alone policy (with the death benefit still payable to her ex-husband, no less).[2] We disagree. Under New

---

[1] That conviction has been upheld on appeal, *see United States v. Blake*, 558 F. App'x 129, 130 (2d Cir. 2014), *cert. denied*, *Blake v. United States*, 135 S.Ct. 286 (2014), and a subsequent petition for a writ of *coram nobis* was likewise denied, *see Blake v. United States*, No. 10-CR-349 (LAP), 2015 WL 3526964 (S.D.N.Y. June 4, 2015), *appeal dismissed* (Aug. 5, 2015).

[2] We also note—and Blake does not argue otherwise (aside, that is, from the conversion theory discussed above)—that Blake had no right to the death benefit he fraudulently claimed. To be sure, his group policy could arguably be read to provide that when a former "dependent" dies within 90 days of ceasing to be a "dependent," a death benefit is still to be paid. *See* S.A. 22-23. Even

2

York law and the terms of Blake's group policy, that "conversion privilege" belonged to Ms. Blake. Specifically, Section 3220(a)(7)(D) of the New York Insurance Law provides that "[t]he conversion privilege shall be available . . . upon the divorce or annulment of the marriage of the employee or member *to the spouse or former spouse of such employee or member.*" N.Y. Ins. Law § 3220(a)(7)(D) (emphasis added). Similarly, the group policy's terms stated that when coverage of a dependent is terminated, "*[t]hat dependent* may have your insurance on the dependent . . . converted to an individual life insurance contract." S.A. 22 (emphasis added). As the District Court aptly put it, "[Blake]'s divorce did not give [him] a right to convert his ex-wife's coverage into an individual policy to benefit himself." S.A. 48. Nor did Prudential have a duty under New York law to notify Blake of this non-existent "right."

In sum, Blake had no right, under New York law or the group policy's terms, to any insurance payment in connection with his ex-wife's death or to any "conversion privilege" and its concomitant notification rights. As a result, each of his claims—premised on either the denial by Prudential of these purported "rights" or the supposed misrepresentations or omissions by Prudential concerning his entitlement to these "rights"—fails.

## CONCLUSION

We have reviewed all of the arguments raised by Blake on appeal and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

assuming such a reading were correct, it is irrelevant here. Ms. Blake ceased to be covered as a dependent, at latest, when the judgment of divorce was signed on June 23, 2009, and she died more than 90 days later, on September 29, 2009. Blake contends that while the judgment of divorce was *dated* June 23, 2009, it was not *filed* until July 7, 2009, so the latter date is when the divorce became effective. But that is not the law in New York. *See, e.g., Joseph v. Holder*, 720 F.3d 228, 230–31 (5th Cir. 2013) ("The law in New York . . . is that entry of judgment is not required for a judge's order in a divorce proceeding to become effective as between the spouses." (citing cases)).